# STATE OF MICHIGAN

# COURT OF APPEALS

In re T. J. HARRIS, Minor.

UNPUBLISHED
August 16, 2016

No. 330632
Wayne Circuit Court
Family Division
LC No. 09-486472-NA

Before: K. F. KELLY, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent D. Harris appeals as of right a circuit court order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(b)(*i*), (g), (i), and (j). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In October 2015, petitioner filed a petition seeking permanent custody of the minor child with respect to respondent. The petition alleged that respondent's parental rights to the minor child's sibling had been terminated in 2010 "due to physical neglect, failure to protect, drug addiction and failure to comply with the court ordered treatment plan." At the time of the filing of the petition, respondent still had problems related to substance abuse and untreated mental illness, had not maintained stable housing, and was supporting herself through illegal activities. Additionally, and most importantly, the petition also alleged that the minor child was being abused. Following the preliminary hearing, the court authorized the petition and placed the minor child in foster care.

On September 1, 2015, Referee Leslie Graves held a combined adjudicative and dispositional hearing, taking judicial notice "of all prior finding, orders, reports, as it pertains to this family." Petitioner requested termination under §§ 19b(3)(b)(*i*), (g), (i), and (j). Referee Graves found that "DHHS [had] met the burden by clear and convincing evidence that one or more statutory grounds exist to terminate parental rights" of the respondent and that termination was in the minor child's best interest. The circuit judge approved the referee's findings and entered an order terminating respondent's parental rights on December 4, 2015.

## II. ANALYSIS

Respondent argues that the trial court erred in finding both that a statutory ground for termination had been established by clear and convincing evidence, and that termination of her parental rights was in the child's best interests. We disagree. A trial court's decision regarding

-1-

the existence of a statutory ground for termination under § 19b(3), and whether termination of parental rights is in a child's best interests, are both reviewed for clear error. *In re Laster*, 303 Mich App 485, 491; 845 NW2d 540 (2013); *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); MCR 3.977(K).

The trial court did not clearly err in finding that §§ 19b(3)(b)(*i*)[1], (g)[2], and (j)[3] had each been proved by clear and convincing evidence. The minor child's sibling became a temporary court ward in April 2009 due to respondent's substance abuse, employment, and housing issues. Respondent failed to benefit from reunification services and her parental rights to the sibling were terminated in September 2010. That child suffered physical injury in the form of multiple scratches to his body. The child, who was less than a year old, had been in respondent's custody and respondent provided an inadequate explanation for one of the scratches and had no explanation for the others. In addition, respondent continued to abuse drugs, had no legal source of income, and did not have stable, suitable housing for the child. Clear and convincing evidence supports the trial court's determination that grounds for termination were established under §§ 19b(3)(b)(*i*), (g), and (j).

The trial court also relied on § 19b(3)(i) as an additional statutory ground for termination. According to the trial court transcripts, the court did not find that respondent's parental rights to the child's sibling were "terminated due to serious and chronic neglect or physical or sexual abuse." MCL 712A.19b(3)(i). However, because only one statutory ground need be proved, *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012), and the trial court did not clearly err in finding that §§ 19b(3)(b)(*i*), (g), and (j) had each been established, any error with respect to § 19b(3)(i) would be harmless. *In re Powers*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

Although respondent correctly observes that "parents have a significant interest in the companionship, care, custody, and management of their children," which "has been characterized as an element of 'liberty' to be protected by due process," *In re Brock*, 442 Mich 101, 109; 499 NW2d 752 (1993), that liberty interest was lost once petitioner properly established grounds for termination by clear and convincing evidence. *In re Sanders*, 495 Mich 394, 409-412; 852 NW2d 524 (2014); *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000).

---

[1] The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances: the parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home. MCL 712A.19b(3)(b)(*i*).

[2] The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age. MCL 712A.19b(3)(g).

[3] There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent. MCL 712A.19b(3)(j).

We also reject respondent's argument that termination of her parental rights was not in the child's best interests. MCL 712A.19b(5); MCR 3.977(E)(4) and (K). Although the trial court did not terminate the parental rights of the child's father, that fact does not preclude termination of respondent's parental rights, *In re Marin*, 198 Mich App 560, 568; 499 NW2d 400 (1993), especially considering that respondent and the child's father were not planning together for reunification. Given the evidence of the child's injuries, along with respondent's lack of commitment to her child and her longstanding substance abuse and housing issues, and her failure to benefit from prior services, the trial court did not clearly err in finding that termination of respondent's parental rights was in the child's best interests.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause